UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MACHINE MAINTENANCE, INC., ) | |
| d/b/a Luby Equipment, Inc., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:12CV793 JCH |
| ) | |
| GENERAC POWER SYSTEMS, INC., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Petition

("Motion to Dismiss") pursuant to Rule 12[1] of the Federal Rules of Civil Procedure, filed on May 10,

2012. (ECF No. 10). This matter is fully briefed and ready for disposition.

**BACKGROUND[2]**

Plaintiff Machine Maintenance, Inc., d/b/a Luby Equipment Services, Inc. ("Plaintiff" or

"Luby") is a Missouri corporation engaged in the business of selling and repairing industrial,

maintenance, and construction power equipment as defined under R.S.Mo. § 407.753. (Complaint,

ECF No. 5, ¶ 2). Plaintiff primarily conducts business in eastern Missouri and southern Illinois. (Id.).

Defendant Generac Power Systems, Inc. ("Defendant" or "Generac") is a manufacturer of standby

power generators. (Id., ¶ 3). Defendant conducts business throughout the State of Missouri. (Id.).

---

[1]Based on the arguments asserted in Defendant's Motion to Dismiss, the Court assumes
Defendant's motion is brought pursuant to Rule 12(b)(6). See ¶¶ 3, 12.

[2] The facts in the Court's background section are taken directly from Plaintiff's Complaint.
Defendant has not yet filed an Answer to Plaintiff's Complaint.

In early 2005, Plaintiff was approached by Defendant to sell, service, and distribute Defendant's power equipment in eastern Missouri and southern Illinois ("the St. Louis Market"). (Id., ¶ 5).  At the time that Defendant approached Plaintiff, Defendant had no significant sales and marketing presence in the area and a very limited service operation.  (Id., ¶ 6).  On July 21, 2005, Plaintiff entered into a Non-Exclusive Service Agreement ("the Agreement") with Defendant governing the sale and service of Defendant's products in the St. Louis Market.  (Id., ¶ 8).  The Agreement required Plaintiff to incur significant costs to establish Defendant's brand in the area.  (Id., ¶ 11).

Although generator sales nationwide dropped off considerably in the years 2008, 2009, and 2010, November and December of 2011 were Plaintiff's best sales months yet.  (Id., ¶¶ 15, 17). During those two months Plaintiff exceeded Defendant's sales goals by 61% and 98%, respectively. (Id., ¶ 17).

Defendant terminated its business relationship with Plaintiff in early December 2011 at a meeting at Plaintiff's office in Fenton, Missouri.  (Id., ¶¶ 19-21).  On December 8, 2011, Defendant forwarded a letter to Plaintiff confirming that "Generac has determined to separate from Luby." (Id., ¶ 22).  Defendant gave Plaintiff no written explanation for the termination.  (Id., ¶ 27).  Plaintiff believes that at this time Defendant was engaged in discussions regarding the distribution of its products in the St. Louis Market with Clifford Power Systems, Inc. ("Clifford Power").  (Id., ¶ 28).

Shortly after the termination, Clifford Power began contacting Plaintiff's employees in an effort to recruit them away from Plaintiff.  (Id., ¶ 32).  Clifford Power also contacted existing customers that Plaintiff developed and informed them that Clifford Power was the new dealer for Defendant in the St. Louis area, causing significant confusion to Plaintiff's customers.  (Id., ¶ 37).

Plaintiff filed this action in the Circuit Court of St. Louis County, State of Missouri, on April

3, 2012.  Defendant removed this action to this Court on May 3, 2012.  Plaintiff's Complaint contains

two counts: Count I alleges violation of the Missouri Industrial Maintenance and Construction Power

Equipment Act ("the Act"), and Count II seeks recoupment.  As noted above, Defendant filed this

Motion to Dismiss (ECF No. 10) on May 10, 2012, alleging that Counts I and II both fail to state

claims upon which relief can be granted.

## STANDARD

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the

light most favorable to Plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A cause of action

should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears

beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would

entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co., Inc. v.

United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

Dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal

premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial

activity.  Stringer v. St. James R-1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006).  As a practical

matter, such dismissal should be granted only in the unusual case in which a plaintiff includes

allegations that show on the face of the complaint there is some insuperable bar to relief. Schmedding

v. Tnemec Co., Inc., 187 F.3d 862, 864 (8th Cir. 1999); see also 5B CHARLES ALAN WRIGHT &

ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 1357, at 565 (3d ed. 2004) (stating that "relatively

few complaints fail to meet this liberal standard and thereby become subject to dismissal" under Rule

12(b)(6)).

**DISCUSSION**

As an initial matter, the Court notes that Plaintiff has agreed to withdraw the "Introductory" section of its Complaint and its request for injunctive relief. Therefore, the Court will not address Defendant's arguments concerning these two portions of Plaintiff's Complaint and will order the dismissal of the "Introductory" section and the request for injunctive relief.

**I.      Count I: Violation of the Act**

Defendant argues Count I of Plaintiff's Complaint fails to state a claim upon which relief can be granted because Defendant does not manufacture "industrial, maintenance, and construction power equipment" under the Act. Specifically, Defendant claims Defendant's generators do not "propel themselves" or "do work" so as to constitute "power equipment." In response, Plaintiff asserts that while Defendant's factual arguments are inappropriate in the context of a Rule 12(b)(6) motion to dismiss, Defendant's generators are nonetheless covered by the Act.

The Act provides a cause of action against "[a]ny manufacturer, wholesaler or distributor of industrial, maintenance and construction power equipment used for industrial, maintenance and construction applications and repair parts therefor...." MO. REV. STAT. § 407.753.1 (2001). Defendant points to McBud of Missouri, Inc. v. Siemens Energy & Automation, Inc., 68 F.Supp.2d 1076, 1082 (E.D. Mo. 1999), which held that component parts used to control and distribute electric power were not "power equipment" under the Act because they worked in an auxiliary or supplementary manner with other machines or equipment. McBud was decided on a motion for summary judgment, however, and the court's analysis in McBud depended on a detailed factual discussion of the items of equipment at issue in the case. The court in McBud used discovery and the parties' statements of fact to support its findings. Accordingly, the fact-intensive analysis necessary for determining whether Defendant's generators are "power equipment" cannot be

performed on a Rule 12(b)(6) motion to dismiss.  Given that Plaintiff has pled the elements required for a claim under the Act, the Court must weigh all allegations in favor of Plaintiff and deny Defendant's motion.

Furthermore, were the Court inclined to rule on Defendant's argument at this stage in the litigation, the decision in McBud suggests that Defendant's equipment is in fact covered by the Act. According to the court in McBud, "the language of the statute indicates that, at minimum, 'power equipment' must refer to end use machines and equipment which operate and perform work using some power source, whether electrical, gas, steam, or other, or their own internal power source, such as an internal combustion engine." Id. at 1081-82.  Arguably, a generator fails squarely under this definition.  Contrary to Defendant's assertions, generators do not simply conduct power like the component parts in McBud--rather, they produce power and, therefore, operate under "their own internal power source."  Accordingly, the Court denies Defendant's Motion to Dismiss as to Count I of Plaintiff's Complaint.

## II.    Count II: Request for Recoupment

Defendant initially argued that Count II of Plaintiff's Complaint failed to state a claim upon which relief can be granted because recoupment is not an affirmative cause of action under Missouri law.  (Motion to Dismiss, p. 6).  Defendant appears to have conceded the inaccuracy of this argument, however, as Defendant now "acknowledges that Missouri allows actions for recoupment in the at-will context."  (Defendant's Reply Memorandum in Support of its Motion to Dismiss Plaintiff's Petition ("Reply"), ECF No. 18, p. 7).  Defendant instead asserts that Plaintiff's claim for

recoupment is improper because Plaintiff failed to plead the at-will nature of the parties' relationship.[3]

(Id.).

Since Defendant raised the argument that Plaintiff failed to plead the at-will nature of the parties' relationship for the first time in its Reply, the Court may properly refuse to address it. See Westfield, LLC v. IPC, Inc., No. 4:11CV155, 2012 WL 1205794, at *2 n.1 (E.D. Mo. Apr. 11, 2012) ("Defendant improperly raises this argument for the first time in its Reply Memorandum, however, and thus the Court will not address it here."); Universal Sewing Supply, Inc. v. Artek Sewing Supplies, Inc., No. 4:05CV974, 2005 WL 2211146, at *2 n.3 (E.D. Mo. Sept. 8, 2005). Nonetheless, the Agreement stated that either party may terminate the Agreement "with or without cause" or that Defendant could terminate the Agreement "in the event that [Plaintiff] fails to satisfy any term or provision stated herein in or in [Defendant's] manual." (See ECF No. 17-2, p. 2). The Court finds that the Agreement was therefore at-will. See Ernst v. Ford Motor Co., 813 S.W.2d 910, 919 (Mo. Ct. App. 1991). Since a court may examine contract documents in a contract case when deciding a motion to dismiss, the Court will not order the dismissal of Count II of Plaintiff's Complaint for the failure to specifically plead that the parties' agreement was at-will. See Stahl v. U.S. Dept. of Agriculture, 327 F.3d 697, 700 (8th Cir. 2003).

## CONCLUSION

Accordingly,

---

[3]Defendant also argues in both its Motion to Dismiss and its Reply that Plaintiff's recoupment claim must fail because it is "predicated on Defendant's violation of the Act." Since the Court has rejected the argument that Plaintiff's claim under the Act is improperly pled, the Court also rejects this argument with regards to Plaintiff's claim for recoupment.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Petition (ECF No. 10) is **GRANTED** in part, and the "Introductory" section of Plaintiff's Complaint and Plaintiff's request for injunctive relief are **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff's Petition (ECF No. 10) is **DENIED** in all other respects.

Dated this 19th  day of June, 2012.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE